(57 Misc. Rep. 655.)

In re JACOBS.

(Supreme Court, Special Term, Kings County. February, 1908.)

1. CRIMINAL LAW—SENTENCE—COMMITMENT TO REFORMATORY.
Under Greater New York Charter, Laws 1905, p. 574, c. 305, § 698, providing that any magistrate may commit a prisoner convicted of any offense other than a felony to the New York City Reformatory, a prisoner between the ages of 16 and 30, convicted of disorderly conduct, may be so committed.

2. SAME—SENTENCE—PERIOD OF IMPRISONMENT.
Under Laws 1905, p. 574, c. 305, providing that a magistrate making a commitment shall not fix the limit of the period of imprisonment, a commitment for "three years, unless sooner discharged or paroled," is not invalid, since the act provides that a sentence shall not be void because for a definite period of time.

3. SAME—JURISDICTION—CITY MAGISTRATE.
      A city magistrate of New York has jurisdiction of a charge of disorderly
   conduct within the city, though the acts charged constitute a misdemeanor
   under the Penal Code.

Application of Harry Jacobs for discharge on a writ of habeas corpus. Writ dismissed, and prisoner remanded.

John McGuire, for the motion.
Alexander A. Mayper, opposed.

CARR, J. The petitioner is held by virtue of a commitment from the City Magistrate's Court of the city of New York, which accompanies the return. This commitment alleges that the prisoner was convicted of "disorderly conduct," and recites the acts which the said magistrate held constituted the offense:

"Loitering in the lobby of the Thalia Theater at No. 46 Bowery for the purpose of pocket-picking, and jostled against persons in said place for the purpose of plying the art of pocket-picking."

Assuming these facts to have been proven before the magistrate, they would constitute the offense of disorderly conduct under the provisions of the consolidation act of the city of New York, which has been held to be still in force in this city. People ex rel. Frank v. Davis, 80 App. Div. 448, 80 N. Y. Supp. 872; People ex rel. Smith v. Van De Carr, 86 App. Div. 9, 83 N. Y. Supp. 245.

Prior to the enactment of chapter 305, p. 574, of the Laws of 1905, which now appears as section 698 of the Greater New York charter, it would not have been possible for the city magistrate to have imposed any penalty, other than prescribed in section 707 of said charter, for the offense in question. Whatever decisions have appeared in the books in relation to convictions for disorderly conduct in the city of New York have been decided before the enactment of the law of 1905. By that act, however, it is provided that any magistrate in the city of New York may commit a male prisoner between the ages of 16 and 30 to the New York City Reformatory, when said prisoner has been convicted "of any charge, offense, misdemeanor or crime other than a felony."

The prisoner, being between the ages specified, was subject to such commitment as was made in this case, unless chapter 305, p. 574, of the Laws of 1905, be unconstitutional. Nothing is presented to me on this application by way of an attack on the constitutionality of this law. This act provides that the magistrate making such commitment "shall not fix or limit the period of the imprisonment." The commitment in question is a bungling one in its form, in that the term of the imprisonment is specified "as of three years, unless sooner discharged or paroled." This may or may not be a definite period; but it is unnecessary to discuss the question, in view of the fact that the act provides as follows:

"If through oversight or otherwise a person be sentenced to imprisonment in the reformatory for a definite period of time, such sentence shall not, for that reason be void, but the person so sentenced shall be entitled to the benefits and subject to the liabilities of this act, in the same manner and to the same extent as if such sentence had been made for an indefinite period of time and," etc.

Personally I am strongly opposed to the theory of the legislation which gives to a city magistrate, on a summary conviction in offenses of this character, power which may render the party convicted subject to such term of detention as is provided in section 698 of the charter; but I cannot let my personal views on this important question blind me to the plain provisions of the law as they exist.

The act of which the prisoner has been adjudged guilty by the city magistrate can be held to constitute a misdemeanor under the Penal Code, in which event the city magistrate would have no jurisdiction. But it has been held by the Appellate Division in the First Department that these circumstances would not divest the city magistrate of jurisdiction, if such acts could at the same time be held to constitute the offense of "disorderly conduct" within the city of New York. People ex rel. Smith v. Van De Carr, supra.

The writ is therefore dismissed, and the prisoner remanded.

Writ dismissed, and prisoner remanded.